**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CHRISTINE MCEWEN**,

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**                                          **No. 10-cr-152-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I.  Introduction

Pending before the Court is the United States of America's May 3, 2010 motion to dismiss (Doc. 5).  The Government moves the Court to dismiss McEwen's Complaint as the Federal Tort Claims Act, which generally waives the United States' sovereign immunity to tort claims, explicitly excludes from that waiver certain intentional torts, including assault.  McEwen opposes the motion arguing that her claim is not an assault claim, rather her claim is based on a breach of trust of the doctor(dentist)/patient relationship (Docs. 13 & 14).  Based on the following, the Court grants the motion.

On February 26, 2010, Christine McEwen, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, filed suit against the United States of

America  (Doc. 2).  Her complaint alleges that on March 10, 2009, McEwen had dental work done by Dr. Albert Trtanj at Delmar Dental located in Granite City, Illinois (Doc. 2, ¶ 3).  The Complaint alleges that Dr. Trtanj "was a dentist licensed to practice in the State of Illinois and an agent, servant, and employee of Southern Illinois Healthcare Foundation d/b/a Delmar Dental, a health center owned and/or operated by the defendant United States of America." (Doc. 2, ¶ 3).  McEwen contends that during this appointment "Dr. Trtanj made sexual advances" on her; that Dr. Trtanj owed her an ethical standard of dental care and that as a result of that breach of care she "suffered serious and irreparable injuries." (Doc. 2, ¶ ¶ 4, 5 & 7).  She seeks $75,000.00 and costs of suit.

On May 3, 2010, the Government moved to dismiss McEwen's Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure (Doc. 5).  McEwen filed her response on June 1, 2010 (Docs. 13 & 14).  In her response, McEwen agrees with the Government's recitation of the facts and the law regarding the statutory background and intentional torts.  However, McEwen disagrees with the Government's assessment that her claim is one for assault.  She contends that her damage was of a psychological nature, resulting from the breach of the doctor(dentist)/patient relationship and that her Complaint states a claim under the FTCA.  The Court agrees with the Government.

## II.  <u>Analysis</u>

The FTCA provides a limited waiver of the federal government's sovereign immunity by "grant[ing] federal courts jurisdiction over damages claims

against the United States 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment....'" *Alinsky v. United States*, **415 F.3d 639, 643 (7th Cir. 2005) (quoting 28 U.S.C. § 1346(b))**.  However, the FTCA states that the waiver of sovereign immunity does not apply to "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights ..." **28 U.S.C. § 2680(h)**.  In determining whether an act or omission constitutes the basis of a suit under the FTCA, the court must look to the law of the state in which it occurred.  *LM ex rel. KM v. United States*, **344 F.3d 695, 700 (7th  Cir.2003)**.

Under Illinois law, an assault is defined as "a reasonable apprehension of an imminent battery." *Rosenberg v. Packerland Packing Co., Inc.*, **370 N.E.2d 1235, 1238 (Ill. App. 1977)**.  Battery is defined as the unauthorized touching of the person of another." *Campbell v. A.C. Equipment Services, Corp., Inc.*, **610 N.E.2d 745, 748 (Ill. App. 1993)**.  Moreover, under Illinois law, when the motive for the employee's tort is personal and solely for the benefit of the employee, the employer is not subject to liability.  *Wright v. City of Danville*, **174 Ill.2d 391, 675 N.E.2d 110, 118 (Ill. 1996)**.  If however, the employee acts to further his employer's interest as well as his own interests, the employer may be held liable under the doctrine of respondeat superior.  *Bagnet v. Blessing Care Corp.*, **224**

**Ill.2d 154, 862 N.E.2d 985, 995 (Ill. 2007).**  Illinois Courts have consistently held that acts of sexual assault and misconduct are outside the scope of employment as a matter of law.  ***See Deloney v. Bd. of Edu. of Thorton Township*, 281 Ill.App.3d 775, 666 N.E.2d 792, 797-98 (Ill. App. 1996)(collecting cases).** When the employee's underlying motivation is personal, it is necessarily unrelated to his employer's objectives.

Taking the allegations of the Complaint as true, the Court finds that McEwen's claim stems from Dr. Trtanj's alleged sexual advances on her.  ***See Schneider v. United States*, 936 F.2d 956, 962 (7th Cir. 1991)("No matter how artfully the plaintiffs attempt to characterize their claim, it is clear that it is barred by the misrepresentation exception of § 2680(h) ....").**  The Court finds that sexual advances are intentional.  Therefore, these acts fall under the ambit of the assault and battery exception of 28 U.S.C. § 2680(h) and McEwen's claims are barred by that exception.  Further, sexual advances are outside the scope of Dr. Trtanj's employment.  There is nothing in the record to find that Dr. Trtanj had the express or implied authority to commit the alleged sexual advances on McEwen.  Further, there is no indication from the Complaint that Dr. Trtanj acted with anything other than personal motivation or that the conduct was the kind Dr. Trtanj was employed to perform in his capacity as dentist employed by the United States.

### III.  Conclusion

Accordingly, the Court **GRANTS** the Government's motion to dismiss (Doc. 5).  Pursuant to 28 U.S.C. § 2680(h), the Court **DISMISSES with prejudice** McEwen's complaint as the United States has a defense that relieves it from suit. ***See Williams v. Fleming*, 597 F.3d 820, 824 (7th Cir. 2010)("lower courts should scrutinize the cause of action, and if a § 2680 exception applies, then courts should relieve the United States from the burden of defending against a lawsuit.")**.  Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 8th day of July, 2010.


/s/  *David R Herndon*
**Chief Judge**
**United States District Court**